UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FILI USINI,<br><br>　　　　　　Defendant. | Case No.: 3:16-CR-00875-JAH-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br>**[Doc. No. 619]** |

## INTRODUCTION

Pending before the Court is Defendant Fili Usini's ("Defendant") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("motion"). (Doc. No. 619). Plaintiff United States of America ("the Government") filed a response opposing Defendant's motion. (Doc. No. 630). Having carefully considered the pleadings in this action and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

On April 27, 2016, Defendant was charged with two counts: (1) conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846; and (2) possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On October 20, 2016, Defendant pleaded guilty to the first count of conspiracy to distribute. On December 13, 2017, the Court entered judgement and sentenced Defendant to a 168-month term of imprisonment followed by five years of supervised release. On December 12, 2018, Defendant filed his motion. On August 16, 2019, the Government filed a response opposing the motion.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct their sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). However, a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Defendant has the burden of establishing that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

Defendant's motion alleges ineffective assistance of counsel and makes four requests: (1) "the Judgment and sentence should be vacated and a new sentencing ordered"; (2) "schedule an Evidentiary Hearing on the Grounds presented [in the motion]"; (3) "appoint [Defendant] Counsel to represent him"; and (4) "GRANT [Defendant] a [certificate of appealability]." (Doc. No. 619 at 18).

Generally, a defendant who does not bring a claim on direct appeal cannot raise the claim on collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006). However, if a defendant does not bring an ineffective assistance of counsel claim on direct appeal, they may still bring that claim later under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 509 (2003). Although Defendant did not make a direct appeal in this

case, he is making an ineffective assistance of counsel claim now under 28 U.S.C. § 2255. Therefore, the Court deems the motion appropriate for consideration.

Under the Sixth Amendment, criminal defendants are entitled to "effective assistance of counsel," in which representation is objectively reasonable in light of "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). To sustain a claim for ineffective assistance, Defendant has the burden of satisfying *Strickland*'s two-prong standard. *Id*. First, Defendant must show that his attorney's performance was deficient. *Id*. at 687. This requires a showing that his attorney made errors so serious that they were not functioning as the "counsel" guaranteed to Defendant by the Sixth Amendment. *Id*. Accordingly, Defendant must identify the acts or omissions of his attorney that were the result of unreasonable professional judgment or were otherwise outside the range of professional competent assistance. *Id*. at 690. Second, Defendant must show that his attorney's deficient performance prejudiced the defense. *Id*. at 687. This requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The Court need not address both prongs of *Strickland*'s two-prong standard if Defendant makes an insufficient showing as to one prong. *Id*. at 697.

Here, Defendant alleges his defense counsel did not provide effective assistance at the sentencing hearing on two grounds. First, Defendant alleges his counsel should have made an objection at the sentencing hearing because facts relating to methamphetamine being imported into the United States are in the presentence investigation report ("PSIR"), but not in the plea agreement. Second, Defendant alleges his counsel should have made an objection because the Court allegedly relied on those facts to calculate a higher term of imprisonment than would have been calculated had the Court instead relied on the plea agreement. "Most importantly, [the] sentence was calculated under the U.S.S.G. § 2D1.1 (c)(2), in the absence of any objection by defense counsel." (Doc. No. 619 at 8). Consequently, Defendant claims the Court made an "erroneous guideline calculation" and

defense counsel's failure to object constitutes "deficient performance" that "fell below an objective standard of reasonableness." In response, the Government claims that Defendant is mistaken because the Court calculated the sentence consistent with the guidelines and plea agreement. Further, defense counsel did not object to the calculation because doing so would have been a breach of the plea agreement where the parties agreed to jointly recommend a base offense level associated with undisputed facts. For the following reasons, the Court finds that Defendant's claims are without merit.

Defendant claims that he pled guilty to "only the distribution of at least 50 to 62.6 grams of methamphetamine," which triggers a base offense level of 30 under U.S.S.G. § 2D.1(c)(5). Further, he alleges the PSIR erroneously indicates the offense involved the importation of between at least 1.5 to 4.5 kilograms of methamphetamine because importation is a "separate and distinct offense" that "the Government did not charge nor convict [Defendant] of."

Defendant's claims are misplaced for two reasons. First, Defendant plead guilty to *conspiracy* to distribute, not solely distribution, and the conspiracy involved methamphetamine that was imported into the United States from Mexico. Accordingly, the factual basis for the guilty plea included true and undisputed facts that there was an agreement between Defendant and others to distribute methamphetamine, and the entire conspiracy involved at least 3 kilograms of methamphetamine. Second, under the terms of the plea agreement, the parties jointly agreed to a base offense level of 36 under U.S.S.G. § 2D1.1(a), (c)(2) with a caveat that the level could change if Defendant was later determined to be a career offender. Upon review of the record, the Court determined that Defendant qualified for the designation as a career offender, thereby finding Defendant's criminal history category to be category VI. Indeed, the PSIR is consistent with the plea agreement and clearly indicates a base offense level of 36 under § 2D1.1(c)(2). Accordingly, this Court calculated the guidelines consistent with the plea agreement, ultimately found Defendant to be a career offender, and arrived at an adjusted total offense level of 32 after applying adjustments recommended by both parties. As the Government

points out, defense counsel did not object to the calculation because doing so would have been a breach of the plea agreement. Thus, defense counsel had no valid basis for objection.

The offense level of 32 in criminal history category VI resulted in a guideline range of 210 to 262 months of custody. The probation officer requested a 240-month sentence; the Government requested 180 months; and Defendant, through defense counsel, requested 120 months. After considering the totality of circumstances, the Court found that the guideline range did not reflect a reasonable range of sentencing and ultimately imposed a much lower sentence of 168 months in custody, with no fine. Contrary to Defendant's assertion, the record reflects that the sentencing was fairly and properly calculated.

In sum, Defendant's allegations fall short of *Strickland*'s two-prong standard because his motion fails to provide sufficient facts to indicate his attorney's conduct was deficient or otherwise prejudiced his case. Nor has Defendant shown that his sentence was imposed in violation of the law or that the court lacked jurisdiction to impose the sentence. As a result, Defendant is unable to satisfy the Supreme Court's standard in *Strickland* for ineffective assistance of counsel.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in § 2255 cases such as this. 28 U.S.C. § 2254, Rule 11(a). A habeas petitioner may not appeal the denial of a § 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also *United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir.

2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Based on this Court's review of the record, the issues presented are not debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate for further proceedings. Therefore, Defendant is not entitled to a certificate of appealability.

## CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED that Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 30, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE